UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON J. CURRY, | Case No. 17-CV-4342 (MJD/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant. | |

Plaintiff Aaron J. Curry alleges that the Minnesota Department of Motor Vehicles[1] has "illegally registered [his] name into commerce" without his consent. Compl. at 1 [ECF No. 1]. Curry did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action is taken in this matter.

After review of the IFP application, this Court concludes that Curry qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In

---

[1] This Court assumes, for purposes of this Recommendation, that "Department of Motor Vehicles" refers to Minnesota Driver and Vehicle Services, a component of the Minnesota Department of Public Safety. But because Curry refers to this entity as the Department of Motor Vehicles, this Court will do the same.

reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Curry's complaint is light on details. He alleges that unnamed state officials have violated "a multitude of federal laws" by "register[ing]" his name and giving his personal information to other state officials. Compl. at 1. Based on those allegations (and not much else), Curry seeks $125,000,000,000 — that is, one hundred and twenty-five billion dollars — from the State of Minnesota. *Id*. at 2.

Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Curry's complaint fails even this lenient standard. As an initial matter, it is unclear what Curry means when he says that the Department of Motor Vehicles has "registered [his] name into commerce." Compl. at 1. Nor

is it clear from the complaint what information other than Curry's name might be in the possession of the Department of Motor Vehicles.[2]

With so little information to go from, it is hard to imagine how the State of Minnesota, acting through the Department of Motor Vehicles, might have violated federal law, even assuming (as this Court must) that each of Curry's factual allegations is true. The only federal cause of action expressly invoked by Curry is claims arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, but in order to make out a claim under RICO, Curry must allege a pattern of racketeering consisting of two or more unlawful predicate acts under the heightened pleading standards of Rule 9(b). *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir. 2011). As explained above, Curry's allegations do not suffice to meet the more lenient standards of Rule 8(a), much less the heightened standards of Rule 9(b). Nor does Curry allege how the Department of Motor Vehicles might constitute a "RICO enterprise," *see id.* at 354-55. Any claims purportedly brought under RICO are nonstarters.

No other federal cause of action is obvious from the face of the complaint, either. For example, the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724(a), prohibits obtaining, disclosing, or using personal information from a motor vehicle record for an impermissible purpose, but Curry has plausibly alleged neither that the Department of Motor Vehicles possessed any of his personal information (other than his name), nor that any employee of the Department of Motor Vehicles accessed his information for a purpose not permitted under

---

[2] Curry alleges that he has never applied for a driver's license in the State of Minnesota. He does suggest, however, that he has recently operated a motor vehicle in this state, as he requests that "any and all circle court traffic hearings" be stayed during the pendency of this action. *See* Compl. at 1. It is unclear whether Curry is currently in possession of a driver's license issued by another jurisdiction.

the DPPA. Nothing in the complaint suggests that state employees may have acted with discriminatory animus towards Curry. The Department of Motor Vehicles is not a "person" amenable to suit under 42 U.S.C. § 1983. Simply put, there is no reason from the pleading to believe that the Department of Motor Vehicles has violated any federal law.

Even if there were, however, this lawsuit would run into another problem. "The Eleventh Amendment provides states, and state agencies, with immunity not only from suits brought by citizens of other states, but also from suits brought by their own citizens." *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003) (citations omitted). The defendant to this action is an agency of the State of Minnesota and therefore invested with sovereign immunity, as reflected by the Eleventh Amendment. The State of Minnesota has not waived its immunity in this action, and Curry has not plausibly alleged a cause of action under a statute that abrogates the state's sovereign immunity. Thus, whatever the merits of his claims, Curry would nevertheless likely be precluded from recovering $125 billion (or any other amount) from the Department of Motor Vehicles.

In any event, Curry has not pleaded a plausible claim for relief. Accordingly, it is recommended that his matter be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of plaintiff Aaron J. Curry [ECF No. 2] be DENIED.

Dated: December 19, 2017

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).